**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KATHERINE MERGNER,** | * | |
| Plaintiff | * | |
| v. | * | Civil No. PJM 05-3239 |
| **MONTGOMERY COUNTY, MD. et al.** | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

This case arises out of the arrest of Plaintiff Katherine Mergner on May 21, 2004 for assaulting a police officer. Defendant Elizabeth Cornett and other Montgomery County police officers were dispatched to Mergner's home to check on her welfare in response to a report that she had threatened to harm herself. After Cornett entered Mergner's apartment, a struggle ensued causing Mergner to suffer a spiral fracture of her arm.

Mergner filed suit against Montgomery County and Officer Cornett on November 2, 2005, alleging violations of her state and federal constitutional rights. On April 2, 2007, the Court heard oral argument on Defendants' Motion for Partial Summary Judgment, with respect to Counts II - VIII. Mergner withdrew Counts II and VII (Negligence against Cornett and Montgomery County) and the Court granted summary judgment to Defendants on the remaining claims. At the hearing, the Court questioned the viability of Mergner's remaining battery claim and ordered that Defendants file the instant motion, seeking summary judgment on Count I (Battery against Cornett).

The Court now considers Defendant Cornett's Supplemental Motion for Summary Judgment on Count I. Mergner not only opposes the Supplemental Motion, but has also filed a Motion for

1

Reconsideration of the Granting of Summary Judgment on Counts III (§ 1983 claim against Cornett), IV (Maryland Declaration of Rights against Cornett) and VIII (Agency against Montgomery County).[1]  These counts were dismissed after oral argument because the Court found that they were improperly plead under the Fifth and Fourteenth Amendments and further that granting leave to amend the Complaint to correct these deficiencies would be futile under the facts of the case.  Though Mergner has requested a hearing on her Motion for Reconsideration and on Defendants' Supplemental Motion for Summary Judgment, no hearing is deemed necessary to dispose of this matter.  See Local Rule 105.6 (D. Md. 2006).

For the reasons that follow, Defendant Elizabeth Cornett's Supplemental Motion for Summary Judgment [Paper No. 66] is **GRANTED** and Plaintiff Katherine Mergner's Motion for Reconsideration [Paper No. 67] is **DENIED**.

**I.**

At the April 2, 2007 hearing, the Court made findings of fact that the Court incorporates herein.  The Court will only briefly note the following material facts:

On May 21, 2004, Mergner was a resident at Bedford Court, a residential facility for people aged 65 and older. During the early morning hours of May 21, 2004, Plaintiff became intoxicated and depressed.  A call was made to 911 reporting that Mergner had threatened to commit suicide.  Officer Cornett responded to a dispatcher request regarding a violent elderly woman who was threatening to commit suicide.

---

[1] Without conceding the correctness of the Court's determination, Mergner does not seek reconsideration of the granting of summary judgment as to Counts V (§1983 claim against Montgomery County) and VI (Maryland Declaration of Rights against Montgomery County).

2

Once on the scene, Officer Cornett knocked on the door several times and called for Mergner. When Mergner opened the door, Cornett identified herself as a police officer. Mergner told the officers that they had the wrong apartment and attempted to close the door. Mergner claims that Cornett pushed the door open, threw her to the ground, pulled her arm behind her back and began twisting it. Defendants state that Mergner was taken to the ground after she struck Officer Cornett and grabbed Cornett by the collar, refusing to let go. Mergner suffered a spiral fracture of her left arm as a result of the contact with Officer Cornett.

**II.**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material issue of fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies his initial burden, the non-moving party "may not rest upon his allegations," but must present evidence demonstrating the existence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court is obliged to view the facts and inferences drawn from the facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Comp. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

**III.**

The Court first considers Defendant Cornett's Supplemental Motion for Summary Judgment as to the battery claim. A battery is an intentional or unlawful touching, which is harmful or offensive. *Kellum v. State*, 223 Md. 80, 84-85 (1960). Under Maryland law, "a law

3

enforcement officer is not liable for assault and battery or other tortious conduct performed during the course of his official duties unless he acted with actual malice toward the plaintiff, i.e. with 'ill will, improper motivation or evil purpose.'" *Goehring v. United States*, 870 F. Supp. 106, 108 (D. Md. 1994) (citing *Davis v. Muse*, 51 Md. App. 93 (1982)).  Indeed, a limited immunity shields Maryland officials from liability for discretionary acts they perform without malice:

> An official of a municipal corporation, while acting in a discretionary capacity, without malice, and within the scope of the official's employment or authority shall be immune as an official or individual from any civil liability for the performance of the action.

Md. Code Ann., Cts. & Jud. Proc. § 5-507(b)(1).

There is no indication whatsoever in this case that Officer Cornett acted with malice or even that her decision to use a take-down maneuver on Mergner was unreasonable.  Once Mergner resisted Officer Cornett's inquiries by attempting to close the door on the officer, Officer Cornett was justified in attempting to effectuate an arrest.  It does not matter that Mergner claims that she did not know why the police were there; once she resisted Cornett's attempt to ascertain her welfare, Cornett was entitled to subdue her.

Plaintiff's argument that malice should be inferred from the take-down maneuver itself is unavailing.  The mere use of force to effectuate an arrest after resistance is given does not rise to the level of "ill will," "improper motive" or "affirmative intent to injure" needed for a finding of malice.  *Shoemaker v. Smith*, 353 Md. 143, 164 (1999).  Indeed, the lack of malice is evident from Mergner's futile attempt to stretch the facts for any showing of improper motive: Mergner contends that evidence of "ill will" can be found in the fact that Officer Cornett had gotten off early on the day of the incident to attend a social gathering at her home and that, therefore,

4

Officer Cornett was frustrated at missing some of her social event and took her frustration out on Mergner. The number of causal links needed to substantiate this pure speculation only highlights the utter lack of any evidence of bias or motive required for a finding of malice. Taking the facts in the light most favorable to Mergner, there is simply no evidence that Officer Cornett was motivated by ill will toward Mergner such that the battery count may survive. Accordingly, summary judgment is appropriate in favor of Defendant Cornett.

## IV.

The Court turns to Mergner's Motion for Reconsideration as to Counts III, IV and VIII. The Court notes as an initial matter that the Motion for Reconsideration is untimely. Under Fed. R. Civ. P. 59(e),[2] such motions shall be filed no later than 10 days after entry of the judgment. In this case, the Court's Order was entered on the docket on April 2, 2007, meaning that Mergner's motion would have been due on April 12, 2007. Mergner filed her Motion on April 18, 2007.

Nonetheless, the Court has considered the substance of the Motion for Reconsideration and finds that Mergner has failed to set forth any grounds that warrant reconsideration of the April 2, 2007 Order granting Defendants partial summary judgment. Though Rule 59(e) does not itself set forth a standard for a Court's amendment of its own judgment, the Fourth Circuit has held that there are three grounds for doing so: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d

---

[2] Plaintiff does not state which rule she grounds her motion in. The Court assumes that she acts pursuant to Fed. R. Civ. P. 59(e).

396, 403 (4th Cir. 1998). No such grounds are present here, as Mergner simply rehashes the same evidence and arguments that were presented to the Court at oral argument.

Mergner contends that there is no evidence that she "resisted" Officer Cornett by attempting to close her apartment door and further that the Court's finding of resistance draws improper inferences against her as the non-moving party. Even taking the facts in the lights most favorable to Mergner, *viz.,* that she did not know why the police were at her door and mistakenly believed they were at the wrong apartment and further that the police officers did not direct her to cooperate by letting them in, Mergner nonetheless closed her door on the responding officers, thus entitling them to take action to effectuate an arrest. Mergner's recital of the numerous other means Cornett could have used to coax cooperation out of her does not undercut the Court's basic finding that the shutting of the door provided justification to Cornett. Cornett's actions in attempting to effectuate the arrest were objectively reasonable under the circumstances, specifically that she was responding to a call regarding an intoxicated, elderly woman who had threatened to commit suicide and was presently barring the door to police entry into her home.

### V.

For the foregoing reasons and for the reasons stated on the record at the April 2, 2007 hearing, Defendant's Cornett's Supplemental Motion for Summary Judgment [Paper No. 66] is **GRANTED.** Plaintiff Katherine Mergner's Motion for Reconsideration [Paper No. 67] is **DENIED.** A separate order **SHALL ISSUE.**

                                                 /s/
                                 **PETER J. MESSITTE**
**May 22, 2007**                   **UNITED STATES DISTRICT JUDGE**